CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

SEP 02 2009

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| TURBOMIN AB, ET AL., <br><br> *Plaintiffs,* <br><br> v. <br><br> BASE-X, INC., ET AL., <br><br> *Defendants.* | CIVIL NO. 6:09cv00007 <br><br><br> MEMORANDUM OPINION <br><br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiffs' Motion to Dismiss the Defendants' counterclaims [docket no. 58]. The motion has been fully briefed and may be decided without a hearing. For the following reasons, the Plaintiffs' motion will be denied.

I. BACKGROUND

On January 26, 2009, the Plaintiffs filed a Complaint that included statutory and common law conspiracy and breach of contract claims. On April 15, 2009, this Court dismissed the Plaintiffs' business conspiracy claims but allowed their breach of contract claim to go forward. On April 29, 2009, the Defendants filed their answer to the Complaint; the answer did not address the allegations related to the dismissed conspiracy claims. The Defendants' answer also did not include any counterclaims, and included only one affirmative defense. The Defendants reserved their right to assert other defenses as discovery proceeded.

Shortly after the Court dismissed their conspiracy claims, the Plaintiffs moved for leave to amend the Complaint, arguing that they could allege additional facts in support of their conspiracy claims. The Court granted the Plaintiffs' motion, and the Amended Complaint was

filed on June 29, 2009. On July 16, 2009, the Defendants filed their answer to the Amended Complaint. That answer states three affirmative defenses, two of which had not been raised before. The Defendants further reserved the right to plead any additional defenses as discovery progresses. The Defendants' answer to the Amended Complaint also includes two counterclaims against the Plaintiffs: one for breach of contract and one for breach of agent's duty of care. The Plaintiffs filed their motion to dismiss the defenses and counterclaims on August 10, 2009.

The Plaintiffs now argue that the Defendants' new affirmative defenses and counterclaims should not be allowed, because they should have been raised in the Defendants' answer to the original Complaint. The Defendants argue that their defenses and counterclaims should be allowed, but that it is not necessary to reach the merits of the Plaintiffs' motion to dismiss because the motion itself was untimely.

## II. DISCUSSION

### A. TIMELINESS OF THE PLAINTIFFS' MOTION

The Defendants argue that the Plaintiffs' motion is untimely, and the Court should deny it without reaching the merits. However, I find that the motion is, in fact, timely, and therefore, it will not be summarily denied. An answer to a counterclaim must be served within 20 days after being served with the pleading that states the counterclaim. Fed. R. Civ. P. 12(a)(1)(B). However, Rule 15 provides that if any response to an amended pleading is required, it must be made within the time remaining to respond to the original pleading, or within 10 days of service of the amended pleading, whichever is later. Fed. R. Civ. P. 15(a)(3). The Defendants argue that because their counterclaims were contained in an Amended Answer, Rule 15's 10-day deadline applies. The Plaintiffs argue that Rule 12's 20-day deadline applies, and that their motion was filed within that time. I agree with the Plaintiffs that Rule 12 applies in this situation, because

the Defendants' Amended Answer was the first pleading that contained any counterclaims, and therefore was the first pleading stating a counterclaim with which the Plaintiffs were served. Therefore, their motion to dismiss the counterclaims was timely filed.[1]

### B. DEFENDANTS' COUNTERCLAIMS

The Plaintiffs argue that the Defendants' counterclaims should be dismissed, because the Defendants could have brought them much earlier in the litigation, and the Plaintiffs would be prejudiced by the delay if those claims were allowed now. The Defendants counter that they have a right to amend their Answer to include counterclaims as a result of the Plaintiffs' amendment of the Complaint. The Defendants further move for leave to add their counterclaims, in the event that such leave is required.

"No appellate court has squarely addressed whether counterclaims filed in response to an amended complaint pursuant to Rule 15, Fed. R. Civ. P., must be permitted as of right or only with leave of court. And district courts have taken variant positions on the issue." *Elite Entertainment, Inc. v. Khela Bros. Entertainment*, 227 F.R.D. 444, 446 (E.D. Va. 2005). In general, courts have developed three different approaches addressing the issue, which may be characterized as permissive, moderate and narrow. Courts applying the permissive approach have held that once a plaintiff files an amended complaint, a defendant can amend its answer and add counterclaims or affirmative defenses as a matter of right, regardless of the nature of the change in the amended complaint. *Id.* Courts applying the narrow approach have held that an amended answer's new counterclaims or affirmative defenses must be confined specifically to the particular factual matters comprising the amendments to the complaint. *Id.*

The federal courts of Virginia, however, appear to have adopted the moderate view,

---

[1] Even if Rule 15 did apply to this situation, the Court would be inclined to grant the Plaintiffs an extension of time to answer the counterclaims pursuant to Fed. R. Civ. P. 6(b).

which provides that "[w]hen a plaintiff files an amended complaint that changes the scope of the case, the defendant is allowed to answer the amended complaint as though it were the original complaint." *Digital Privacy, Inc. v. RSA Security, Inc.*, 199 F. Supp. 2d 457, 459 n.2 (E.D. Va. 2002) (where plaintiff amended its complaint to add an additional claim, defendant "was entitled to include the five new counterclaims in its answer to the amended complaint"). In *Elite Entertainment*, the Court described the moderate approach by stating that "an amended response may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint. Thus, if major changes are made to the complaint, then major changes may be made to the response." *Elite Entertainment*, 227 F.R.D. at 446 (citing *Uniroyal Chem. Co., Inc. v. Syngenta Crop Protection, Inc.*, No. 3:02CV02253, 2005 WL 677806, at *2 (D. Conn. Mar. 23, 2005)). "Major changes" include changes to the theory or scope of the case. *Id.* at 446 (quoting James W. Moore *et al.*, Moore's Federal Practice § 15.17[6] (3d ed. 1997)).

Thus, the question here is whether the Plaintiffs' Amended Complaint added new theories of recovery or broadened the scope of the case, and in doing so, created a right in the Defendants to bring new counterclaims and affirmative defenses. It is undisputed that the Plaintiffs' original Complaint included the exact same conspiracy claims that are found in the Amended Complaint. While those claims were initially dismissed upon the Defendants' motion, the Plaintiffs consistently maintained that they could amend the Complaint to add factual allegations in support of their conspiracy claims. After dismissing the conspiracy claims, the Court ordered the Plaintiffs to move for leave to amend the Complaint within fourteen days. The Plaintiffs timely filed a motion for leave to amend, and the Amended Complaint did include new

factual allegations related to the business conspiracy claims, although the causes of action in the Amended Complaint remained unchanged. Therefore, the Plaintiffs' theories of recovery and the scope of the Plaintiffs' allegations have remained consistent and unchanged throughout the course of the litigation. While at the time the Defendants answered the Complaint, the Court had not allowed the conspiracy claims to go forward, the Defendants were certainly on notice that the Plaintiffs intended to pursue such claims, and that the Court had not ruled out the possibility that the Plaintiffs would be able to allege sufficient facts to state conspiracy claims. Conversely, the Defendants' counterclaims and affirmative defenses clearly do raise new theories of recovery and broaden the scope of the litigation by putting the Plaintiffs' duties and performance of the contract at issue. As such, I conclude that the Defendants were not entitled, as of right, to amend their Answer to include new counterclaims and affirmative defenses.

Nonetheless, a court may grant a party leave to add counterclaims if the failure to previously bring those claims was the result of "oversight, inadvertence, or excusable neglect, or when justice requires." Fed. R. Civ. P. 13(f). Further, leave to amend a pleading should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile," *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir.2006) (internal quotation marks omitted).

The Defendants have requested leave to add their counterclaims and affirmative defenses, if the Court determines that leave is required. Having reviewed the Defendants' counterclaims, they do not appear to be frivolous, and the Plaintiffs have not argued that they are frivolous or fail to state a claim upon which relief may be granted. Before dismissing a party's claims on technical or procedural grounds, a court must consider the "sound public policy"

-5-

Case 6:09-cv-00007-NKM-mfu  Document 68  Filed 09/02/09  Page 5 of 7  Pageid#: 871

preference of deciding cases on their merits. *See Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974). Accordingly, I will deny leave only if the Defendants have clearly acted in bad faith or if some undue prejudice results to the Plaintiffs.

The Plaintiffs have been unable to articulate any real or particular prejudice that may result from the addition of the Defendants' counterclaims and affirmative defenses. The Defendants pointed out that the parties have yet to conduct any depositions in this case. The Defendants also represented that their requests for document production that have already been served upon the Plaintiffs should suffice to encompass their counterclaims. Therefore, the impact on the discovery schedule in this case appears to be minimal. The Plaintiffs argue that the Defendants' counterclaims will create additional issues at trial and will result in the need to present additional evidence in support of or to rebut pretrial motions and arguments at trial. However, the Plaintiffs do not claim that they have insufficient time to file pretrial motions or to prepare for trial. Currently, dispositive motions are due to be filed October 9, 2009 (five weeks away), and a bench trial is set to begin on December 14, 2009 (over three months away). This appears to be sufficient time to incorporate the Defendants' counterclaims into the parties' trial preparation.

The Plaintiffs argue that the Defendants have acted in bad faith, because they could have brought their counterclaims and raised their affirmative defenses in their original Answer to the Complaint. The Defendants do not offer any explanation for the delay in bringing their counterclaims. However, I find it difficult to conclude that the delay was made in bad faith, because the fact remains that there appears to be adequate time prior to trial for both parties to prepare to address the Defendants' counterclaims, and there does not appear to be any real prejudice to the Plaintiff. The single fact that the Defendants arguably delayed for two and a half

months before bringing their counterclaims, well before the close of discovery, is insufficient to show bad faith. Accordingly, I find that justice requires granting the Defendants leave to amend their Answer to include new counterclaims and affirmative defenses.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's motion will be denied. An appropriate Order will follow. The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: This 2nd Day of September, 2009.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE